**[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 5.]**

MAHONING COUNTY BAR ASSOCIATION *v*. DANIELS.

[Cite as *Mahoning Cty. Bar Assn. v. Daniels*, 1998-Ohio-582.]

*Attorneys at law—Misconduct—Indefinite suspension—Failing to withdraw from employment when discharged by client—Neglect of an entrusted legal matter—Failing to carry out contract of employment—Prejudicing or damaging client during course of professional relationship.*

(No. 97-2726—Submitted February 18, 1998—Decided May 13, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-82.

————————————

{¶ 1} On October 15, 1996, relator, Mahoning County Bar Association, filed a complaint charging respondent, Richard J. Daniels of Berlin Center, Ohio, Attorney Registration No. 0059893, with several disciplinary violations. Respondent failed to answer the complaint.

{¶ 2} Based on relator's motion for default judgment and attached affidavits, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that in September 1995, respondent contracted to provide legal services to several clients of Preferred Tax and Financial Services, Inc. After the clients gave respondent their records, he failed to communicate further with them or return their papers. The panel concluded that respondent's conduct violated DR 2-110(B)(4) (a lawyer shall withdraw from employment when discharged by a client), 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him), and 7-101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment).

{¶ 3} The panel also found that in August 1994, Belinda Conners paid respondent $150 to represent her in a divorce action. Although respondent filed

the divorce complaint, he failed to file additional required papers. As a result, the case was dismissed, and Conners discovered this dismissal only by inquiry to the court. The panel concluded that respondent's conduct violated DR 6-101(A)(3) and 7-101(A)(3) (a lawyer shall not intentionally prejudice or damage his client during the course of a professional relationship).

{¶ 4} In addition, the panel found that in December 1994, Sharon Krpicak employed respondent to represent her in a pension benefits dispute. Krpicak was unsuccessful in twenty-six attempts to contact respondent after she paid him a retainer of $100. The panel concluded that respondent's conduct violated DR 6-101(A)(3).

{¶ 5} The panel found that in late 1992 or early 1993, Herbert Behner engaged respondent to handle a small claims matter, a denial of pension funds matter, and a personal injury action. Although he told Behner that he was working on his claims, respondent took no action in any of the matters and failed to return Behner's papers. The panel concluded that respondent's conduct violated DR 6-101(A)(3).

{¶ 6} The panel also found that in November 1994, Richard C. Williams retained respondent to defend a civil matter in municipal court. Respondent did not attend a scheduled hearing in the matter and filed a motion for a new trial alleging that he had not received notice. The motion was granted, but respondent failed to attend the second scheduled hearing. The panel concluded that respondent's conduct violated DR 6-101(A)(3).

{¶ 7} After finding in mitigation that respondent suffered from severe depression resulting in his sudden withdrawal from the practice of law, to which he does not intend to return, and that respondent's wife was seriously ill with diabetes, the panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Constant A. Prassinos,* for relator.

_____

***Per Curiam.***

**{¶ 8}** We adopt the findings, conclusions, and recommendation of the board in this matter. Respondent is indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____